Even so, Scott's request to state law enforcement must be viewed in the context of Scott's other contemporaneous public statements. "I will not sit idly by," Scott said outside the Governor's mansion, "while unethical liberals try to steal this election." Pl.'s Ex. 1-4. Later on television, after noting his order to state law enforcement, Scott declared "we're gonna fight this and we're gonna win." Pl.'s Ex. 1-5. He also explained "we're gonna do everything we can," "we're gonna fight this and we're gonna win this." Id. These are Scott's most troubling utterances. But this Court finds that they are campaign-trail bombast rather than official gubernatorial statements. They are a candidate's desire-rather than a governor's proclamations under the auspices of his public office-to "fight" and "win."
What is more, Scott has not yet moved to indicate an objective risk of bias. He has not suspended any election official. He has not ordered any investigation. He has not interfered with the recount so far. He has even recused himself from the Elections Canvassing Commission.[7] All Plaintiffs have are statements of a candidate exceedingly close to a United States Senate seat. Imprudent they may be-unconstitutional they are not.
"No man is allowed to be a judge in his own cause, because his interest would certainly bias his judgment, and, not improbably, corrupt his integrity." The Federalist No. 10 (James Madison). Scott should be on notice. Florida is entering its first-ever manual recount in which Scott is an interested party with ample power to meddle in the process. Scott's past statements occurred primarily when he wore his candidate hat. The Due Process Clause requires *1318 Scott to remain impartial in his gubernatorial capacity.[8]
V
The Constitution requires recusal from public officials when there is a serious, objective risk of bias. Caperton , 556 U.S. at 886, 129 S.Ct. 2252. The candidate's statements offered here, though haphazard and reckless, do not rise to that level. Accordingly,
IT IS ORDERED:
Plaintiffs' motion for preliminary injunction, ECF No. 4, is DENIED . However, this case is not closed and future actions could demand further consideration.
SO ORDERED on November 15, 2018.

This list of actions and inactions is not meant to be comprehensive. Scott could have taken-or still could take-steps to cross the line from campaign-trail bombast to due process deprivations.

"No officer or employee or the state ... shall use his or her official authority or influence for the purpose of interfering with an election ... or coercing or influencing another person's vote or affecting the result thereof." Fla. Stat. § 104.31(1)(a).